16-year-old sentence for this 26-year-old first offender lured into the drug trade and money laundering by a trusted authority figure is substantially and procedurally unreasonable. It is procedurally unreasonable because it is based upon two misinterpretations of the guidelines. The most glaring misapplication and misinterpretation is the district court's failure to use the money laundering guideline in order to determine the role in the offense status. The guidelines on this matter are somewhat intricate and they require going back and forth to cross references, but application note 2C as well as cases decided in this and other circuit courts make it clear that once the underlying offense level is calculated, in order to make any role in the offense adjustments, if a defendant is convicted both of an underlying substantive offense and laundering money from that offense, then the role in the offense determination must be made on the basis of the money laundering offense and not the underlying offense. That is clear text in the guidelines themselves. This court has applied it in various cases cited in my brief. It was not discussed in the district court. The defendant did not make an objection on that ground at the time of sentencing. There was on the minor role he did but not on the failure to use the money laundering offense as the standard. So we review it for plain error? Yes, Your Honor. And can I just, what evidence, let's say we agreed with you that it was a plain error as to not focusing on just money laundering. What record evidence would we then have to show as to whether if you applied the money laundering only, the evidence would suggest that he had a minor role in the money laundering? Yes, Your Honor. I addressed that in some detail in the reply brief. But essentially that I believe is quite clear from a careful reading of the indictment and the pre-sentence report. This was a huge drug trafficking and money laundering acts alleged in the indictment itself. And Mr. Torres Landrua's only act of money laundering was to agree to act as a straw person for a vessel which had already been used by the conspiracy for two trips in order to help out this person who induced him into the conspiracy. He is the only defendant charged with money laundering who is charged with only one act. And he is not charged with that specific act of money laundering but only as part of the conspiracy compared to everyone else who acquired vessels in their own name, submitted false documentation in order to acquire a vessel, used it and knew perfectly well what was going on from the very beginning. So he is the only one. If you just look at the indictment itself compared to the money laundering transactions that occurred here, he essentially agreed to be the fall guy for this trusted authority figure who roped him into this entire drug trafficking enterprise. So I think it's clear from the indictment itself that he was engaged in one and only one act. He agreed to allow his name to be used for somebody who had a great deal more power than he did and it was near the very end of the conspiracy. So that was the end of the near the end of the conspiracy and he did not use it to make any additional trips or anything like that. So he was essentially a fall guy. I think with respect to And the error is plain because it can be deduced from the indictment itself and it's clear on the record that the district court didn't even think about it because it was only concerned with how many drug trafficking trips he was involved in and how much money he made on the purposes of the money laundering as your argument as opposed to the conspiracy. But what I'm trying to figure out is under that interpretation, is there a relevant conduct provision? The relevant conduct provision does not supersede the notwithstanding language in application note 2C. So relevant conduct is considered before... No, I understand it has to be relevant to the money laundering. Exactly. Yes, but what I'm trying to figure out is what counts as relevant to the money laundering. You say we should look at the indictment, what he was charged with on money laundering, period. But I guess what I'm wondering is suppose there was an interval relationship between the money laundering and the conspiracy. Might that make some of the I think it's plain and obvious that if you simply look at the indictment and you look at application note 2C.1 of guideline 2S.1.1A, it is clear that the relevant conduct for the money laundering offense is the conduct that he was charged with in the indictment. And his role... Do you have cases that just would help us figure out what counts as relevant conduct for purposes of money laundering? I totally get the argument, right? But I'm just trying to figure out relevant conduct to money laundering can't just mean... It may not just mean money laundering alone. It could be relevant conduct to that offense. And so I'm trying to figure out what's the parameters of that. Because determining whether it's plain or obvious... Right. Your Honor, I think the relevant conduct question comes into play before you get to the minor role in the offense. You look at the offense in general and the relevant conduct is all of the money laundering, right? And with respect to that conduct, what he did is that major or minor. It's the same as an offloader in a drug transaction. It's a huge drug transaction, but the relevant conduct when you look at his role is compared to the large amount of drugs or the large amount of money that everybody laundered, but his particular role is based upon what he's personally responsible for. So we look at only the money laundering charges in the indictment across is your argument. That's what's relevant. And then we look at whether he's minor in relation to all of those charges. I'm not necessarily saying that's what I would have done if I were his counsel in the district court, but I think for purposes of money laundering, that's what he's responsible for. But for purposes of plain error, it is plain on the record that with respect to everyone else involved in money laundering, his role was at least minor. And therefore, the case has to be remanded for the district court to make that determination. Not to deny it to him on the basis of the drug trafficking only. Similarly, your honors, if I may briefly address the issue of the imperfect coercion defense. I think the problem there is twofold. The district court, number one, used a standard of coercion or duress that would have been appropriate to a defense but was not appropriate to a mitigation departure or variance. And number two, the district court really did not want to hear about that issue either and made it very difficult for that to get on the record. Thank you. I'll rest on my brief for the other issue. Thank you. Mr. Hernandez. Good morning, your honors. In this case, the issues that were brought forth relate specifically to the sentence that was imposed in this case. And we understand that it is clear from the record that there was no abuse of discretion in imposing the sentence. The district court judge imposed a sentence sufficient but not greater than necessary, taking into consideration the sentencing guidelines that had been included in the pre-sentence report and that were applicable in this case, and also taking into consideration the factors that are clearly enumerated in Title 18 United States Code 3553, which include not only the personal characteristics of the defendant, but the nature and circumstances of the offense, as well as other factors. Now, addressing specifically what the defense counsel has brought forth here, we would like to clarify some matters. In this case, the calculations that were done in the pre-sentence report involved all counts to which he pled guilty. In this case, he did a straight plea to the indictment, and he had been included in three offenses, two of them involving drug trafficking activities, and one of them involving a money laundering activity. Specifically in the indictment, it indicates what was the object of the conspiracy, which was to acquire vessels through financial transactions, specifically to engage in financial transactions with proceeds generated by narcotics trafficking in order to promote the carrying of the narcotics trafficking. And specifically, there are certain overt acts in which this defendant participated, which are included in paragraph 21, 22, and 23 of that count, and he was not a minor participant as to the money laundering. Even though they have waived that argument because it was not presented, it should not be taken into consideration also due to the facts and the participation of this specific defendant. It indicates that he, in furtherance of this, was transferred title of one of the vessels, and that that vessel specifically was also used to come back to Puerto Rico from the Dominican Republic loaded with narcotics. Now, when we look at how the sentencing guidelines were calculated in the pre-sentence report... That the example that you gave constitutes a very minor role as far as money laundering itself is concerned. It's my understanding of the guidelines that they say when you're considering money laundering that you don't deal with conduct relevant to the underlying offense, but that you focus on the defendant's conduct relative to the money laundering only. So her argument is that one discretion is minor compared to the overall money laundering conspiracy. And we are in disagreement that what he did in relation to that money laundering conspiracy is minor, because what was spelled out in the overt acts was the fact that these co-conspirators were transferring titles of vessels and participating in these transactions in order to promote the money laundering. And the fact that he now gains title of a specific vessel that is then used for a drug smuggling venture is precisely what was the object of the money laundering conspiracy. Nevertheless, I wanted to mention the guidelines and how they are calculated in this specific case, because the base offense level that was used... Can I just, before you do that, just answering Judge Thompson. So that suggests that it was maybe a significant or important thing. Correct. But relative to the other actors, why is it equivalent to what they did, or why is it fair to say that it's equivalent enough that it wasn't just a minor role that he had? Or is your contention that even though the other people did a lot more, he did enough that you could never consider it minor? What's the theory as to why that one act is not a minor role? My contention is that upon... Or are you saying that all of the money laundering should somehow be attributable to him because it was part of a broader money laundering conspiracy? Well, in fact, he was a participant in the money laundering conspiracy and was, as being part of the drug smuggling ventures in which these transactions were happening, he was also a part of that. But what we're indicating is that if you look at all the overt acts in conjunction in the money laundering count, it is clear that that is the type of transaction that the co-conspirators mentioned herein were undergoing. That is transferring the title of the vessels from one person to another, and he directly participated in that. Nevertheless, in terms of how she wants that to be considered, it's important to look at how the guidelines are taken into consideration, because in this case, both for the drug trafficking and the money laundering count, it is clear that that is the type of transaction that the co-conspirators mentioned herein were undergoing. And in the case of the money laundering, the base offense level was 38, because in the money laundering, there was a cross-reference to the drug trafficking activity. So we start at a level 38 considering that. And the two-point enhancement is given because in addition to the cross-reference, it says that if the defendant was convicted under Title 18 United States Code 1956, that is sufficient to give a further two-level increase to the base offense level for the drug trafficking activity. So in the way that she's saying, it's not that in the pre-sentence report there were two separate calculations. The base offense level is going to consider as a cross-reference the drug trafficking offense. And in that case, the base offense level was a level 38. And that was an appropriate way to make the guideline calculations, and it is what the judge considered in imposing at the end the final sentence. Can we go back to that last point? You said that he engaged in an activity that was an activity that the money laundering conspiracy was generally engaged in. But that can't be enough, I wouldn't think, to say that it's not a minor role. If you just take a major drug conspiracy and one actor in it does some drug sales, they're engaged in the activity of the drug trafficking scheme. But you could still have a minor role compared to the leader of the conspiracy. So again, I understand that he engaged in an activity that is part of the conspiracy for money laundering. Why, in your view, is the activity he engaged in not simply a minor part of that conspiracy? It's not a minor part of that conspiracy because, in fact, it was one of the manner and means that was being used in the conspiracy in relation to the drug trafficking activities in which he was actively involved as a transporter. He admitted that he had participated in at least five smuggling ventures and been paid at least $350,000 in relation to these drug smuggling ventures. As part of the manner and means of the conspiracy, the vessels that were being used in relation to those ventures would be passed to the name of the drug smuggler. That's back to the argument that he didn't have a minor role in the drug conspiracy. It's tied together because the money laundering conspiracy itself is predicated on the financial transactions involving the vessels. And if you look at the overt acts, the vessels were transferred from one person to another. So in comparison to other co-conspirators, he's also one of the persons into which the vessel was transferred to, and that was a minor role. They didn't do more than that themselves. The other members of the conspiracy, they just each had one vessel transferred to them. No, they would purchase vessels with the drug trafficking proceeds. And then that vessel, among the co-conspirators, it would be transferred from one person to another as to make it seem that legitimate transactions were occurring. And all this, in the way that it is charged, is to promote the carrying of the drug trafficking activity. He was not a minor participant in that. He was, in fact, promoting the carrying out of the drug trafficking activity by engaging in that specific transaction also. Nonetheless, even though this is not an issue that was brought forth to the court, even from the record itself, we understand that there is sufficient to understand that he also would not be considered a minor participant in the money laundering. And more clear so on the record, upon looking at the sentencing hearing and at the change of plea hearing and at the documents submitted, we understand that the sentence imposed by the court was an appropriate sentence and that there was no abuse of discretion, and we would request that that sentence remain. I don't understand why buying a boat to use it for the purpose of smuggling its money, even if you put it in somebody else's name, why is that money laundering? Not in an isolated fashion, but how the transactions transpired and how the vessel was acquired and the transfer of the titles together is what makes it an overt act as part of the money laundering conspiracy. Yeah, but you're not buying a vessel to hide the money. You're buying the vessel to use it for the purpose of committing the crime of smuggling. And in this crime it was both, one, to transport drugs from the Dominican Republic into Puerto Rico and then to return the drug trafficking proceeds from Puerto Rico to the Dominican Republic, where Junior Capsula, who was the leader of this organization, was located. I understand, but I mean, if you buy a gun to hold a bank, up a bank, you buy a gun and you register it in somebody else's name, is that money laundering? In this case it was to promote the carrying of the drug trafficking activities, and that is the element that is required. And the transactions that were occurring we would have to establish, as we would with the evidence in the case, that were specifically meant to promote the carrying of the drug trafficking activities, if I may. I thought it was money laundering because they were using the drug proceeds to buy the boats in cash, so that they were transmuting cash to boat. Yes, as indicated in the indictment, the object was to engage in financial transactions with proceeds generated by narcotics trafficking in order to promote the carrying on of the narcotics trafficking. So it includes both. All right, thank you. Duly submitted, Your Honor.